AMERICAN OILCLOTH CO. v. ALPER et al.

(Supreme Court, Appellate Term. May 16, 1907.)

PARTNERSHIP—ACTIONS AGAINST PARTNERS—EVIDENCE—ADMISSIBILITY.

Where plaintiff sued defendants as partners for goods sold and delivered, and defendants testified that the partnership was dissolved before the date of delivery, and the evidence to establish the partnership was vague and inconclusive, it was error to refuse to permit defendants to call disinterested witnesses to testify that defendants were not partners after the date of the claimed dissolution, and to render judgment for plaintiff before defendants had rested their case.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the American Oilcloth Company against David Alper and another. From a judgment in favor of plaintiff, defendant Harris Dolgonas appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Nathan Tolk, for appellant.
Walter C. Shoup, for respondent.

SEABURY, J. This action was brought to recover for goods sold and delivered. The goods were delivered in March, 1906, to the defendant Alper, and the plaintiff contended that the defendants were partners. Whether or not the defendants were partners when the goods were sold and delivered was the only issue upon the trial.

The evidence tending to establish that the defendants were partners was vague and inconclusive. Both of the defendants testified that they had dissolved partnership on January 1, 1906. At the termination of the testimony of the defendant Dolgonas, and before the defendants had rested their case, the court awarded judgment for the plaintiff for the full amount claimed. The defendants' counsel objected to this, and asked leave to call three witnesses, who were in court, to testify "to the fact that Alper and Dolgonas were not copartners on and after January 1, 1906." The court refused to permit this, announcing that "it would be immaterial whether the dissolution took place on that date or not." To this ruling the defendants excepted. A statement of these facts makes it clear that the judgment should be reversed. The only witnesses who had testified were interested witnesses, and the defendant should not have been cut off in his proof.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.